SAMUEL WHITWELL & others *vs.* CALVIN WILLARD.

The court is not authorized by Rev. Sts. *c.* 96, § 25, to appoint an auditor, without the consent of both parties, "to examine vouchers, state accounts," &c. in an action against an officer for not attaching or levying upon certain enumerated articles of personal property, although the articles are small and very numerous, and the examination of the evidence concerning them before a jury, must necessarily require much time.

An "account," within the meaning of Rev. Sts. *c.* 96, § 25, relates to some matter of debt and credit, or to demands in the nature of debt and credit, between parties, and implies that one is responsible to another on the score of contract or of some fiduciary relation. And the term "voucher," designates an account book in which charges and acquittances are entered, or some acquittance or receipt discharging a person, or being evidence of payment.

SHAW, C. J. In this action, issue having been joined, a motion has been made, on the part of the defendant, that an auditor may be appointed, pursuant to the statute, to hear the parties, examine their vouchers and evidence, and make report thereof to the court, preparatory to a trial. This is opposed on the part of the plaintiffs, and the question is, whether it is a case within the statute, where the court may make such an appointment without the consent of both parties. We have looked into the declaration, and considering the probable course which the cause must take at the trial, the court are all of opinion, that it would be highly useful to refer the case to an auditor, and that a report, made upon a careful and deliberate examination of the evidence by an auditor, having the confidence of the parties, would much facilitate the trial. And if a reference were thus agreed to, the report would unquestionably be competent evidence, whether within the statute or not; because, in a civil action, parties may very properly waive all exceptions to any species of evidence. But not being assented to, it becomes necessary to decide, whether this case is within the provision of the statute authorizing the court to make such appointment, at the motion of one of the parties.

The provision of the Rev. Sts. *c.* 96, § 25, is, that whenever a cause is at issue, and it shall appear that the trial will require an investigation of accounts, or an examination of vouch-

Whitwell & others *v.* Willard.

ers by the jury, the court may appoint one or more auditors to hear the parties, and examine their vouchers and evidence, and state the accounts, and make report thereof to the court.

Is this action within this provision ?  It is an action of trespass on the case, against the defendant as sheriff of the county of Worcester, for the alleged non-feasance of A. Matthews, one of the deputies of the defendant.  The plaintiffs allege, that they had a large demand of upwards of $ 22,000, against one Brigham, that they sued out a writ; and put it into the hands of Matthews, with directions, amongst other things, to attach all the property of said Brigham, consisting of furniture and supplies in a hotel called the Worcester House.  They allege the recovery of judgment and execution, the delivery of the execution to Matthews, who sold the property, and realized four or five thousand dollars only, leaving a large deficit unsatisfied.  They set forth their claim in several counts.

1.  That Matthews so negligently kept and consumed the property attached, that it was greatly diminished in value.

2.  That he negligently kept the property attached, that he neglected and refused to levy upon all the property attached, and that he negligently and improperly conducted the sale on the execution, by which, &c.

3.  That he was directed to attach all the property of said Brigham, in that house, but that there was a large amount of wines, liquors, stores, furniture, and personal property in said house, the property of Brigham, which Matthews neglected and refused to attach, which property is specificially enumerated in the count.

Considering the nature of this action, and the subjects which will be drawn in question in the trial, and the nature of the evidence, the court are of opinion, that it is not a case contemplated in this statute.  It is not a case which can require an investigation of accounts, an examination of vouchers, or an account to be stated between the parties.

The primary idea of account, *computatio*, whether we look to the proceedings of courts of law or equity, is some matter of debt and credit, or demands in the nature of debt and credit, be-

tween parties. It implies, that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation, of a public or private nature, created by law, or otherwise. That this was the idea contemplated by this statute, is manifest, we think, from the whole tenor of it, and from each particular clause.

It is to be considered, that in practice the action of assumpsit has superseded most other modes of adjudicating upon the rights of parties, where one is to render an account to another for moneys, merchandise, and other property. By the Rev. Sts. c. 118, § 43, the action of account is, in terms, abolished; and it is provided, that when the nature of the account is such that it cannot be conveniently adjusted and settled in an action of assumpsit, it may be done upon a bill in equity. But both the old action of account, and a bill in equity to account, are founded upon a relation in the nature of a trust, or debtor and creditor. 3 Woodeson, 83. 3 Bl. Com. 437.

The term "voucher," in the sense in which it is used in this statute, designates an account book in which charges and acquittances are entered, and it signifies also, any acquittance or receipt, discharging a person, or being evidence of payment. Jacob's Law Dict. Voucher. The term "auditor," designates an officer, either at law or in equity, assigned to state the items of debt and credit between parties, and exhibit the balance. And the "statement of an account," which they are appointed to do, by this statute, implies the same thing.

But in this action the plaintiffs charge the defendant's deputy with a tort, a non-feasance and breach of duty. There is no relation of debtor and creditor, no relation of responsibility for money or property, intrusted by one to another, either in fact or in law ; either between the parties or other persons.

The plaintiffs seek to maintain this action mainly for the neglect of the deputy, in not attaching a great number of articles of furniture, provisions, wines, and the like, being the furniture and stock of a large hotel. These articles are so numerous that a list of them would perhaps fill several sheets of paper, and in this respect such a specification would bear some resemblance

to an account ; but it would be so in its appearance only, and not in its nature or character, taking the term " account " as used in this statute. The question before the jury must be, in determining whether the deputy was guilty of the non-feasance and tort complained of in regard to each separate item ; was it in that house at the time ? Was it the property of Brigham, or of some lodger or guest, or other person ? Was it known to the deputy, or could it be discovered by reasonable inquiry and diligent search, or was it shown to him by the plaintiffs or their agent, what was its value ? &c. It involves no question of debtor and creditor, no examination of book accounts or other vouchers, no relation in which one party is accountant to the other, or in which any question of accounts can come collateral-ly in issue. It charges a series of torts, each of which is to be tried and proved, upon competent evidence, in the same manner as if it stood alone ; and it does not alter the character of the trial, or the mode of conducting it, or the nature of the proof by which the issue is to be maintained on either side, that it in-volves a great number of torts, enumerated and stated upon paper, instead of a single instance.

The court would not be understood to intimate, that the au thority to appoint auditors to examine vouchers and state an ac-count, depends on the form of the action, and may not extend to an action sounding in tort. The revised statutes use the broadest term, " any case." The *St.* of 1817, *c.* 142, from which it is taken, which is entitled an act for facilitating trials, in civil ac-tions, provides that where in " any action," &c. And we can easily conceive that in some cases of an action for a tort, the stat-ute would be applicable. Suppose an action brought for a ma-licious civil action or a malicious arrest, an investigation of ac-counts might be necessary, to show whether any thing was due when the action was commenced. *Pierce* v. *Thompson,* 6 Pick. 193. Again, suppose an action for a libel, charging the plain-tiff with embezzlement or peculation, or stigmatizing him as a defaulter, in a public or private relation, the truth of the slander-ous imputation being thereby put in issue, a statement of accounts might be of essential importance in the trial.

But we think the true test in such case will be, whether it appears, after issue joined, that the trial will require an investigation of accounts, or an examination of vouchers by the jury. Believing, in the present case, that although the trial may be tedious and laborious, and require a great mass of evidence in detail, yet that it will not require any investigation of accounts or examination of vouchers, a majority of the court are of opinion, that it is not a case within the statute for the appointment of auditors, without the consent of the parties.

PUTNAM, J. dissented ; being of opinion that it was the intention of the legislature to authorize the court to appoint auditors in all cases, whether of contract or tort, where there is a necessity for such an examination of a great number of particulars, as cannot be made, in the ordinary course of a trial, without perplexing the jury, and disqualifying them from arriving, with reasonable certainty, at any accurate result.

*Motion overruled.*

*C. P. Curtis* and *B. R. Curtis*, for the plaintiffs.
*Sprague* and *Gray*, for the defendant.