Sanderson v. Fleming.

E. C. SANDERSON, Appellant, v. ELIZABETH FLEMING *et al.*, Respondents.

**St. Louis Court of Appeals, November 19, 1889.**

1. **Mechanics' Lien** : ENFORCEMENT OF. In an action, under article 4, chapter 44, Revised Statutes, 1879, for the enforcement of a mechanics' lien before a justice of the peace, the filing of a statement of the plaintiff's cause of action is essential to the jurisdiction of the justice, and the record must affirmatively show the filing thereof.

2. ———. The lien papers must show that the indebtedness accrued within the time prescribed by the statute for the filing of the lien.

*Appeal from the St. Louis City Circuit Court.*— HON. DANIEL DILLON, Judge.

AFFIRMED.

*D. T. Jewett*, for the appellant.

The two papers, certified copies of which were filed with the justice, before suit brought, to-wit, the lien and the notice when and where suit would be brought, were ample and complete to make a "cause of action," to give the justice jurisdiction, as required by the statute of 1879, section 2874. *Ewing v. Donnelly*, 20 Mo. App. 6.

BIGGS, J., delivered the opinion of the court.

At the close of the plaintiff's evidence, the court instructed that the plaintiff could not recover. When this instruction was given, the plaintiff submitted to a non-suit, with leave to file a motion to set it aside; this motion was filed, and was by the court overruled, and the plaintiff tendered his bill of exceptions and asked for an appeal to this court.

This action originated before a justice of the peace, and is a proceeding, under article 4, chapter 44, Revised Statutes, 1879, to enforce a mechanics' lien. The justice sustained the lien and the defendants appealed.

The circuit court, as we gather it from the record, was of the opinion that the papers filed before the justice, and which the plaintiff claimed constituted his statement, failed to state a cause of action. The transcript of the justice shows that a statement of the plaintiff's cause of action was filed, but no such document appears among the papers transmitted by the justice, unless the certified copy of the mechanics' lien, and a copy of the notice of suit, both of which appear in the record, can be treated as a statement of plaintiff's cause of action. The plaintiff insists that this should be done, and that these documents contain a statement of all facts necessary for securing a lien on the property of the defendants. This view presents some very serious objections. Section 2874, Revised Statutes, 1879, provides that before the justice can issue any process in a proceeding to enforce a mechanic's lien, the plaintiff must file with the justice a statement of the facts constituting his cause of action; in other words, the jurisdiction of the magistrate depends upon the previous filing of the statement. It is well settled, and must be conceded, that the jurisdiction of inferior courts must affirmatively appear upon the face of their proceedings, and that no presumption will be indulged in support of such jurisdiction. In the case at bar there is no evidence in the record that the copy of the mechanic's lien, and the copy of the notice of this suit, were filed with the justice before the process was issued. It does not appear when these papers were filed, or that they were at any time actually filed as papers in the cause. They are not marked as filed by the magistrate. It is true that the officer attached them to his transcript, and sent them to the appellate court as papers in the case,

but for aught that appears in the record, these documents may have been used merely as evidence to establish plaintiff's cause of action. But aside from this objection, we are clearly of opinion that the copy of the mechanic's lien and the notice of suit, relied on and read in evidence by the plaintiff, do not state sufficient facts to entitle plaintiff to a judgment; and if these documents could be treated as plaintiff's statement, yet the opinion of the trial court was right and its judgment must be affirmed. If these papers are to be taken as and for the plaintiff's statement, they are defective as such, in failing to state when the indebtedness accrued, or that plaintiff's lien was filed within six months after the work was done, and materials furnished. The general rule is that a petition to enforce a mechanic's lien should state all facts necessary to entitle the plaintiff to a lien, in order that the court may see and pronounce the judgment of the law, and for the further reason that all such facts are *issuable*, and must be averred and proved. *Helzwell v. Langford*, 33 Mo. 396; *Bradish v. James*, 83 Mo. 313. In the lien paper filed, there was nothing to show at what exact date the work and materials were done and furnished, unless we assume that the work was done at the date at the head of the account (Sept. 22, 1888). The presumption is that the date at the head of the account refers to the day when the account was rendered, and not to the day, when the work was done or materials furnished. In this respect this case is very similar in its facts to that of *Hayden v. Wulfing*, 19 Mo. App. 353, except that, in the case cited, the account was aided by the averment, in other parts of the lien papers, that the indebtedness accrued within the time prescribed by the statute for filing the lien. The court held that, but for this averment, the mechanic's lien would have been void. The court in passing on the question said : " In view of the foregoing we have come to the conclusion, that the

account required by the statute is not necessarily invalidated as a lien, because it fails to give the dates when the work was done, *provided* it appears, from it or other parts of the lien papers filed, that it was completed, and the indebtedness accrued within the period, required by the statute, to entitle the contractor or sub-contractor to a lien."

The papers in the present case contain no averment, either directly or inferentially, that the work was done, or the materials furnished within six months prior to the filing of lien papers. Therefore, any view of the case must inevitably lead to an affirmance of the judgment. With the concurrence of the other judges, the judgment will be affirmed.