PEOPLE'S LUMBER COMPANY, Respondent, v. FRED
HAYS et al., Appellants.

### Kansas City Court of Appeals, May 16, 1898.

Mechanics' Leins: SUFFICIENCY OF LIEN STATEMENT: DATES. If a
lein account states that the demand accrued within four months
prior to the filing of the lien it will be sufficient though the items of
the account are not dated. Following *Mill Co. v. Allison,* 138 Mo. 50.

*Appeal from the Jasper Circuit Court.*—HON. JOSEPH D.
PERKINS, Judge.

AFFIRMED.

GALEN and A. E. SPENCER for appellant.

"A just and true account" means an itemized ac-
count with dates, so it may be seen from the face
thereof that it is one for which a lien may be had; and
where dates are omitted, the recital in the lien state-
ment "that said demand accrued within four months
prior to the filing of this lien" will *not make the
statement sufficient.* Curless v. Lewis, 46 Mo. App.
278; Planing Mill Co. v. Allison, 138 Mo. 50; Mc-
Dermott v. Claas, 104 Mo. 14–22; Ittner v. Hughes,
133 Mo. 679–684; Coe v. Ritter, 86 Mo. 277; Rude v.
Mitchell, 97 Mo. 365; Bradish v. James, 83 Mo. 313.

JAMES P. MEAD for respondant.

If it appears from the face of the account and the
lien statement taken together, that there has been a
substantial compliance with the statute, it is sufficient,
and if the affidavit shows that the demand accrued
within the statutory time, it is sufficient and a sub-

stantial compliance with the statute as to dates. Planing Mill Co. v. Allison, 138 Mo. 50; Mesker v. Cutter, 51 Mo. App. 341; Hayden v. Wulfing, 19 Mo. App. 353; Sanderson v. Flemming, 37 Mo. App. 395; Brockmeir v. Dette, 58 Mo. App. 607.

GILL, J.—This is an appeal from an order granting a new trial. The action is by a sub-contractor against the original contractor and landowner to enforce a mechanics' lein for lumber used in the construction of a building. At the trial the court excluded the lien paper but subsequently granted a new trial on the ground that such exclusion was improper. Thompson, the landowner, appealed to this court, and the sole question is whether or not the lien account complied with the law. If so, then the judgment or order granting a new trial should be affirmed.

On the face of the lien account a large part of the items have no dates indicating when they were furnished, though the affidavit attached to and accompanying the account, states, "that said demand accrued within four months prior to the filing of this lien." Following a late decision of the supreme court. Mill Co. v. Allison, 138 Mo. 50; we must hold the lien account sufficient. As we understand it, the supreme court now holds, that, though there are no dates affixed to the account proper, yet when the affidavit attached by the lienor declares that said account accrued within the time required by statute (in this case four months before the lien was filed) then the same is sufficient. Former decisions of this court, in respect to that matter, have been thus overruled, and that of the St. Louis court of appeals in Hayden v. Wulfing, 19 Mo. App. 353, adopted as the law.

Judgment affirmed. All concur.