## LANDAU et al. v. COTTRILL, Appellant.

### Division One, December 22, 1900.

1. **Mechanic's Lien:** PARTIES BOUND: BENEFICIARY OF DEED OF TRUST. Beneficiaries in a deed of trust, who were such at the time the materials were furnished for the building, and at the time the material-man's lien was filed and the suit was begun which resulted in a judgment and sale, are not bound by such proceedings, nor is their title or interest affected thereby, unless they are made parties to the mechanic's lien suit. Nor does the fact that the original payee of the deed of trust note was made a party, affect the right of the real beneficiaries. Nor is their interest affected by the fact that both such original payee and trustee were made parties.

2. ———: BUILDINGS: WHEN COMMENCED. It can not be shown by parol evidence that the buildings were commenced at an earlier date than the earliest date given in the lien filed with the clerk, and hence it can not be shown by parol evidence that the buildings were commenced at a date prior to a deed of trust, whose beneficiary is not made a party to the suit, if such parol evidence conflicts with the date stated in the lien filed.

3. ———: DEED OF TRUST: SALE. Where the purchaser's deed recites that he takes the property subject to a prior deed of trust, and the amount of such incumbrance is a part of the consideration, he can not afterwards defeat the deed of trust by setting up in opposition thereto a sheriff's deed and sale to him under a mechanic's lien for materials furnished, whether such deed was executed prior or subsequent to the time the buildings were begun, or whether the beneficiary was made a party to the mechanic's lien proceeding or not. The mechanic's lien title thus acquired by him inures to the protection, not the destruction of the general title. The purchaser thereat has a right to be reimbursed for the money paid by him in thus protecting the title, but none of the property itself.

4. ———: ———: COVENANTS TO PAY. When a grantee purchases premises which are incumbered to secure the payment of indebtedness, and assumes the payment of the indebtedness as a part of the purchase money, the premises purchased are in his hands for the payment of the debt, and he can not purchase an outstanding title, and set up that to defeat the incumbrance.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*R. M. Nichols,* with whom is *Henry H. Denison,* for appellant.

(1) It is in evidence and uncontradicted that the houses were erected to the roof before the plaintiffs' mortgage was executed, and mechanic's liens have always been held superior to a mortgage executed after the buildings were begun, which is also the theory of the Missouri statute. R. S. 1899, sec. 4209; Vite v. Dixon, 12 Mo. 479; DuBois' Adm'r v. Wilson, 21 Mo. 213; Reilly v. Hudson, 62 Mo. 383. The petition of the plaintiffs alleges the establishment of the mechanic's lien, and the plaintiffs introduced the lien in evidence. There is no claim in this case that the lien was not established, or that the lienor was not entitled to his lien, or that there was any irregularity in the foreclosure of the lien, or that all the parties of record were not made parties to the lien proceedings. In Schaeffer v. Lohman, 34 Mo. 68, Judge BATES says: "It is true those not made parties are not bound by the judgment; that is, they may impeach its regularity." Bissell v. Lewis, 56 Iowa 231, 9 N. W. 177; Gardner v. Leck, 52 Minn. 522, 54 N. W. 746; Cheshire Prov. Inst. v. Stone, 52 N. H. 365; Steam Heater Co. v. Gordon, 2 N. D. 246, 50 N. W. 708; Hahn's Appeal, 39 Pa. St. 409; Construction Co. v. Meyer, 100 U. S. 476; Douglas v. Zinc Co., 56 Mo. 388; Allen v. Mining Co., 73 Mo. 688; McKim v. Mason, 3 Md. Ch. 186; Reading v. Hopson, 90 Pa. St. 494; Brooks v. Railroad, 101 U. S. 443; Davis v. Bilsland, 18 Wall. 659; Taylor v. Railroad, 4

Dill. 570; Neilson v. Railroad, 44 Iowa 71; Ins. Co. v. Pauli-son, 28 N. J. Eq. 304. (2) The statute guarantees protection from the "commencement of the building." Judgment relates back to commencement of building. Allen v. Sales, 56 Mo. 28; McAdow v. Sturtevant, 41 Mo. App. 220; Brick Co. v. Bormans, 19 Mo. App. 664; Schaeffer v. Lohman, 34 Mo. 68; Kuhleman v. Schuler, 35 Mo. 142; Douglas v. Zinc Co., 56 Mo. 388; Great Western Planing Mill v. Bormans, 19 Mo. App. 671. (3) By designating Will J. Howard in the deed of trust as the beneficiary of the loan, and placing the deed of trust of record as notice to persons who had furnished materials in the construction of said buildings, that said Howard was the beneficiary, thereby inducing the lienors to act upon the belief that Howard was the owner of the notes and the proper person to make a party to the suit as such owner—by the plainest principles of justice the administrator or guardian would be estopped from now contending that Howard was not the owner of the notes and the beneficiary of the deed of trust, and upon the well-settled principle that "if the owner of a promissory note be clothed with the *indicia* of ownership he will be estopped to assert his ownership against third persons who have been misled thereby." Lee v. Turner, 89 Mo. 489; Neuhoff v. O'Reilly, 93 Mo. 164; Ragan v. McElroy, 93 Mo. 349; 2 Herman on Estoppel, sec. 1125; Foot v. Clark, 102 Mo. 407.

*Bryan & Christie* for respondents.

(1) Section 6713, Revised Statutes 1889, expressly provided that in all suits to enforce a mechanic's lien against property, "all persons interested . . . . . in the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings."

R. S. 1889, sec. 6713; R. S. 1899, sec. 4211; Russell v. Grant, 122 Mo. 161; Hicks v. Scofield, 121 Mo. 381. Plaintiffs, as holders of notes secured by deed of trust on the property, were persons "interested in the property." Russell v. Grant, 122 Mo. 161; Coe v. Ritter, 86 Mo. 277; Jones on Liens, sec. 1579; Boisot on Mech. Liens, sec. 532. Plaintiffs, not having been made parties to the mechanic's lien suit of the Hynson Hardware Company, were not bound, that is to say, were not affected thereby, but such proceedings were, as far as plaintiffs were concerned, void and of no effect. Russell v. Grant, 122 Mo. 161; Hicks v. Scofield, 121 Mo. 381; Coe v. Ritter, 86 Mo. 277; Crandall v. Cooper, 62 Mo. 478; Tel. Co. v. Trust Co., 147 U. S. 431; Jones on Liens, sec. 1571. Nor is it sufficient that the original payee of the notes was made a party. Giraldin v. Howard, 103 Mo. 40; Bank v. Grewe, 84 Mo. 477; 101 Mo. 625; Gitchell v. Kreidler, 84 Mo. 472; Bannon v. Thayer, 124 Ill. 451; Boisot on Mech. Liens, sec. 532. It is not sufficient, either, that the trustee in the deed of trust was made a party. Stafford v. Fizer, 82 Mo. 393; Brass Co. v. Boyce, 74 Mo. App. 343; Roger v. Tucker, 94 Mo. 346; Lumber Co. v. Oliver, 65 Mo. App. 438; Bank v. Frame, 112 Mo. 502. (2) In no event could defendant Cottrill have acquired any title superior to plaintiffs' mortgage by a purchase at the sale under the mechanic's lien, for the reason that at the date of the sheriff's sale, Cottrill was the holder of the equity of redemption under a deed which in express terms recited that the conveyance was subject to plaintiffs' deed of trust, and a purchaser of property subject to a mortgage, is estopped from setting up any title afterwards acquired by him at a sale made under a lien which it was his duty to discharge. Chrisman v. Hough, 146 Mo. 102; American Baptist Miss. Union v. Hastings, 67 Minn. 303; Manning v. Bonard, 87 Iowa 648; Bank v. Bacharach,

46 Conn. 513; Dana v. Trust Co., 75 N. W. 429; Avery v. Judd, 21 Wis. 262; Kilpatrick v. Haley, 66 Fed. Rep. 133; Mendenhall v. Hall, 134 U. S. 559; Keezer v. Clifford, 59 N. H. 208; Fells v. Barbour, 58 Mich. 49; Jordan v. Sayre, 29 Fla. 100; B. & L. Ass'n v. Waters, 27 S. E. 948; Frank v. Caruthers, 108 Mo. 569; Hinters v. Hinters, 114 Mo. 26. Particularly is this true in cases where the deed by which the equity of redemption is conveyed to the purchaser expressly refers to the mortgage or deed of trust, and the amount of the mortgage debt is deducted from the price which the purchaser pays for the property. Drury v. Holden, 121 Ill. 130; Kennedy v. Borie, 166 Pa. St. 360; Jones on Mortgages (5 Ed.), secs. 736, 744, and 1491; Water Works Co. v. Farmers L. & T. Co., 20 C. C. A. 133; Byington v. Fountain, 61 Iowa 512; Stears v. Hollenbeck, 38 Iowa 550. A *fortiori* is this true where the mortgagor or grantor in the deed of trust has expressly covenanted that the mortgaged property shall be kept free from mechanic's liens, for in such cases the duty to discharge the liens is expressly imposed on the holder of the equity of redemption. Bonner Springs Co. v. McClelland, 53 Pac. Rep. 866.

BRACE, P. J.—On the eighth of December, 1892, Henry Maltby and T. Jefferson Roe, being the owners, by their deed of trust of that date, duly executed and recorded, conveyed a lot of ground in lot or block thirty-two of Peter Lindell's Second Addition to the City of St. Louis, and in .Block 4877 South, of said city, particularly described in the petition by metes and bounds, to M. B. O'Reilly, to secure to Will J. Howard, the payment of one principal note for the sum of $16,000, payable five years from date; one principal note for the sum of $4,000, payable in five years after date, and ten interest notes, each for the sum of $480, payable in

6, 12, 18, 24, 30, 36, 42, 48, 54 and 60 months, respectively, from date; and also ten interest notes each for the sum of $120, payable in the same time respectively, and all of even date with the deed of trust.

Afterwards, in the latter part of December, 1892, Mrs. Landau, who was the curatrix of her minor children, the plaintiffs herein, purchased said notes with funds belonging to the estate of her said wards, and they were then assigned and delivered to her as such curatrix, and thus the plaintiffs became the owners and holders thereof and of the deed of trust aforesaid securing the payment thereof.

Afterwards, Henry Maltby, having in the meantime acquired the interest of T. Jefferson Roe in the premises, subject to said deed of trust, by mesne conveyances, on the twentieth of July, 1893, executed a deed of trust of that date, duly recorded, conveying the premises to Joseph C. Darst to secure to Joseph Gummersbach the payment of a principal note of that date for $6,000, payable May 1, 1894, and "three interest notes of same date for $90, $90 and $120, maturing October 8, 1893, January 8, 1894, and May 8, 1894, respectively. Default having been made in the payment of the first of said interest notes, said deed of trust was duly foreclosed by sale on the twentieth of November, 1893, and the said Gummersbach became the purchaser thereof for the sum of one hundred dollars and received the trustee's deed therefor dated November 10, 1893.

Afterwards, by two warranty deeds duly executed and recorded, one dated December 1, and the other December 7, 1893, the said Gummersbach conveyed the premises, subject to plaintiff's deed of trust, to the defendant William R. Cottrill.

Afterwards on the sixth day of January, 1894, in an action in the circuit court, city of St. Louis, wherein the Hyn-

son Hardware Company was plaintiff, and Clarence C. Marsh, Will J. Howard, M. B. O'Reilly, J. J. Darst, Joseph Gummersbach and Henry Maltby were defendants, the said plaintiff recover judgment against the said Maltby for the sum of $288 and costs, which was thereby charged as a mechanic's lien upon the premises, for material furnished between January 5, and June 7, 1893, for six buildings then being erected on the premises. On the eighth day of January, 1894, this judgment was assigned to the said Darst by the said hardware company, and special executions thereon issued June 27, 1895, under which the premises were sold on August 5, 1895, and the said Cottrill, through Darst, became the purchaser thereof for the sum of $100, and received the sheriff's deed therefor.

Prior to the time when Cottrill purchased the property from Gummersbach, all the interest notes which matured under plaintiffs' deed of trust were paid by the then holders of the equity of redemption. After that time they were paid by Cottrill, who continued paying them as they matured until the last two matured on December 8, 1897, when the principal notes also matured. The principal notes of $20,000, and these two last interest notes, he then and thereafter refused to pay, claiming title superior to plaintiffs' deed of trust under the sheriff's deed to him, made in pursuance of the sale under the execution on the mechanic's lien judgment aforesaid. Thereupon this suit in equity was instituted on the eighth of February, 1898, the plaintiffs setting up these facts in the petition, and others not necessary to be stated, and praying for appropriate relief, upon which issue was joined by the defendant Cottrill, and his title under said sheriff's deed set up as a defense to plaintiffs' action.

On the trial, the court found all the issues for the plain-

Landau v. Cottrill.

tiffs, and entered a decree, in effect declaring that any lien, right, title or interest acquired by the said Cottrill by his said sheriff's deed, was subject to the lien of plaintiffs' deed of trust, foreclosing the same, by order of sale, and directing that the proceeds thereof, after payment of costs, be applied to the payment of the indebtedness secured by said deed of trust and the remainder be paid to said defendant. From this decree Cottrill appeals. So far as is necessary, the evidence will be noticed in the course of the opinion.

I. By the mechanic's lien law it is provided that the lien for materials furnished *for*, shall be preferred to all other incumbrances *upon*, the buildings or grounds subsequent to the commencement of such buildings. [R. S. 1889, sec. 6711.] And that in all suits to enforce such liens "the parties to the contract *shall*, and all other persons interested in the matter in controversy may, be made parties, but such as are not made parties shall not be bound by any such proceedings." [R. S. 1889, sec. 6713.]

The plaintiffs were the owners of the notes and the beneficiaries in the deed of trust of December 8, 1892, at the time when the hardware company commenced furnishing the material for the buildings on the fifth day of January, 1893, as stated in their account filed for a lien. They were such beneficiaries at the time the lien was filed, and at the time the suit was instituted to enforce that lien. They were not made parties to that suit, and were not bound by the proceedings and judgment therein. [Crandall v. Cooper, 62 Mo. 478; Coe v. Ritter, 86 Mo. 277; Hicks v. Scofield, 121 Mo. 381; Russell v. Grant, 122 Mo. 161.] They were strangers to that suit, and their rights were not affected thereby. The fact that Howard, the original payee, was made a party to the suit did not make plain-

tiffs parties to the suit, or affect their status in relation thereto. [Giraldin v. Howard, 103 Mo. 40; Boatmen's Savings Bank v. Grewe, 101 Mo. 625; s. c., 84 Mo. 477; Coe v. Ritter, *supra;* Bannon v. Thayer, 124 Ill. 451; Boisot on Mechanics' Liens, sec. 532.] Neither did the fact that the trustee, O'Reilly, was made a party. [Stafford v. Fizer, 82 Mo. 393; Rogers v. Tucker, 94 Mo. 346; Boatmen's Savings Bank v. Grewe, 84 Mo. 478; Lumber Co. v. Oliver, 65 Mo. App. 438; Western Brass Mfg. Co. v. Boyce, 74 Mo. App. 354.]

These conclusions are of course predicated upon the lien as it appeared upon the record, the commencement of which was indicated by the first material furnished, which was on January 5, 1893. On the trial, however, the defendant introduced evidence tending to prove that the buildings were commenced (in October, 1892) prior to the execution of plaintiffs' deed of trust and his counsel contend that such being the fact the plaintiffs' deed of trust was cut out by his sheriff's deed. It is true that the statute gives the materialman a right to a lien superior to any incumbrances subsequent to the commencement of the building, whether the materials were furnished before or after the date of the incumbrance. The statute requires, however, that in order to obtain such lien he must file "a just and true account of the demand due him." [R. S. 1889, sec. 6709.]

In Coe v. Ritter, *supra,* this court, per SHERWOOD, J., said: "Of course, it is expected that 'a just and true account' shall contain all the various items and dates that go to make it up, for this is the accustomed meaning of the words. If, after a lien filed, and dates given, it were allowable to introduce parol evidence to show that materials were furnished at an earlier or later date, as interest or lapse of memory might suggest or cause, the tenure of others interested in the land

on which the lien is filed would certainly prove very precarious, and depend not upon a permanent record filed in the clerk's office, but upon extrinsic evidence. The view here expressed, as to the nature and requirements of such an account, is approved in the case of McWilliams v. Allen, 45 Mo. 573, where it is aptly remarked: 'Where it is proposed to embarrass real estate with the incumbrance of a lien, it is no hardship to require of the lienors a statement of their demand, sufficiently precise and full to acquaint the owners, and all interested parties, with its nature and extent, with a specification of debit and credit. This was clearly the intent of the law giving the lien; and the provision is wholesome, and must be respected and carried out.' From these premises I conclude that a lienor must stand or fall by the lien which he files, and the dates and items which he specifies, and is not at liberty to defeat or postpone a prior lienor or incumbrancer, by matter *in pais.*" And such was the unanimous ruling of the court.

It is true, that in that case the lien was sought to be extended beyond the face of the record by showing by parol evidence that the *materials* were furnished at an earlier date than the earliest date given in the lien, while in this case a like extension of the lien is sought, by showing by parol evidence, that the *buildings* were commenced at an earlier date than the earliest date given in the lien. But the same object is sought to be accomplished, and by the same means; and it would seem, that the legal principles announced in that case are just as applicable to the case in hand. If so applied, there can be no question but that the circuit court was right in holding that the interest acquired by the defendant Cottrill in the premises by his sheriff's deed was subsequent and subject to the plaintiffs' deed of trust, which was executed and recorded before the earliest date given in the lien, the

judgment on which did not fix the date at which the lien attached.

II. The decree of the circuit court, however, can be sustained on another ground growing out of the relation which Cottrill sustained to the plaintiffs' deed of trust at the time he bought under the mechanic's lien judgment.

Gummersbach took his deed of trust subject to plaintiffs' prior deed of trust as is therein expressly recited. By his foreclosure sale and purchase under that deed of trust he stood in no better relation to plaintiffs' deed of trust than he did before. In respect thereof he simply stood in the shoes of the mortgagor with his right to redeem. This equity of redemption he sold and conveyed to Cottrill, they estimating the premises at the time to be worth from thirty-two to thirty-five thousand dollars, and the equity to be worth from twelve to fifteen thousand dollars, and upon this basis they traded, Cottrill paying as the purchase price of the property the amount at which the equity was estimated, and accepting the conveyances of Gummersbach reciting that they were subject to plaintiffs' deed of trust, and thus the amount secured thereby became a part of the purchase price which Cottrill was to pay for the premises.

Standing in this relation to plaintiffs' deed of trust, Cottrill could not in equity and good conscience, for the purpose of defeating it, purchase an outstanding title or incumbrance for a mere trifle compared with the real value of the property.

It is well-settled law that, "One who takes a conveyance absolute or conditional which recites that it is second or subordinate to some other lien or incumbrance can in no proper sense claim that he is the purchaser of the entire thing. He purchases only the surplus or residuum after satisfying the other incumbrance." [Jones, Chat. Mort., sec. 494; Young v. Evans-Snyder-Buel Com. Co., 59 S. W. 113, and authorities cited.]

"It is also a general rule, founded on the requirements of good faith, that any one interested in lands with others, all deriving their title from a common source, can not acquire an absolute title to the land by purchasing an outstanding tax title, nor can he set such title up to defeat a prior mortgage. The title thus acquired by the second mortgagee 'inures to the protection, not the destruction, of the general title.' . . . . . . .All that the second mortgagee can in equity and good conscience demand of the prior mortgagee is that he be reimbursed from the general estate for the sum thus expended in procuring a title which protects the interest of each." [Chrisman v. Hough, 146 Mo. 102, and authorities cited.] This rule is founded upon the relations of the parties to the property somewhat analogous to that of tenants in common, not upon their duty to the State, nor upon any contract express or implied in regard to the superior incumbrance or title, and on principle is just as applicable to a superior mechanic's as to a superior tax lien; and if applied to the case in hand, the most that the defendant could demand would be that he be reimbursed for the hundred dollars he paid to acquire the title under the mechanic's lien.

But this case presents these other significant features. The defendant took his title with an express recital in his conveyances that they were subject to the plaintiffs' deed of trust, and the amount of that security was in fact a part of the purchase price for the premises, of which he then obtained possession under those conveyances, and of which he has ever since enjoyed the rents and profits, thus bringing the case clearly within another well-recognized rule, thus stated by SHELDON, J., in Drury v. Holden, 121 Ill. 137, loc. cit.: "It is well established that when a party purchases premises which are incumbered to secure the payment of indebtedness, and assumes the payment of the indebtedness as a part

of the purchase money, the premises purchased are in his hands a primary fund for the payment of the debt, and it is his duty to pay it.  [Lilly v. Palmer, 51 Ill. 331; Russell v. Pistor, 3 Seld. 171.]  And the rule is the same although there be no assumption of payment of the indebtedness, if the purchase be made expressly subject to the incumbrance, and the amount of the indebtedness thereby secured is included in and forms a part of the consideration of the conveyance. [Lilly v. Palmer, *supra*; Comstock v. Hitt, 37 Ill. 542; Fowler v. Fay, 62 Id. 375; Russell v. Pistor, *supra*; Ferris v. Crawford, 2 Denio 598.]"  This doctrine is supported by many other well-considered cases.   [Kilpatrick v. Haley, 66 Fed. Rep. 133; Guernsey v. Kendall, 55 Vermont 201; Byington v. Fountain, 61 Iowa 512, 14 N. W. 220; Twichell v. Mears, 8 Biss. 211; Kennedy v. Borie, 166 Pa. St. 360; Water Works Co. v. Loan & Trust Co., 20 C. C., 133; Dollar Savings Bank v. Burns, 87 Pa. St. 491; Bunch v. Grave, 111 Ind. 351; Freeman v. Auld, 44 N. Y. 50.]   The application of the rule to the case in hand is sufficiently shown by a quotation from one of them.

In Guernsey v. Kendall, *supra*, the court said:   "If the mortgagor had paid the incumbrances which were paid by the orator (Guernsey, the purchaser from the mortgagor), it would have been the payment of his own debts, which he was obliged to pay to relieve his estate.   The orator, by the purchase of the equity of redemption, acquired the estate of the mortgagor.   He had no greater estate to convey than the right to pay off the incumbrances then resting upon the premises, and by so doing his grantee would become the owner of the estate.   In the absence of an agreement to pay incumbrances, it is optional with the grantee of an equity of redemption to pay them or not.  If he would preserve his estate in the premises upon which the incumbrances rest, he

must pay them.   He may give up the property in satisfaction of the liens upon it.   He can not, by the payment of a part of the incumbrances, be subrogated to the rights of the incumbrancers whose debts he has paid, and by such subrogation defeat the liens of other incumbrancers whose rights are prior in time to his conveyance of the equity of redemption. The mortgaged premises remained a security for the debts which the mortgages were given to secure, after the equity of redemption had been conveyed to the orator, the same as before. . . . . . . . One who purchases an equity of redemption by a deed without covenants, takes the estate charged with the payment of the mortgage debts, and it is presumed, in the absence of any special contract, that the amount paid or agreed to be paid was the price of the property purchased, less the amount of the mortgages, and it would be for the purchaser, and not for the seller, to discharge the incumbrances. . . . . . .The orator alleges that he bought said premises subject to said incumbrances, and it was held. in Sweetser v. Jones, 35 Vt. 317, that, where one purchases land expressly subject to a mortgage, the land conveyed is effectually charged with the incumbrance of the mortgage debt as if the purchaser had expressly assumed the payment of the debt, or had himself made a mortgage of the land to secure it."

So that, from whatever standpoint we view this case, we find the decree of the circuit court not only in consonance with law, but with the dictates of common honesty and fair dealing between parties sustaining the relations that these parties did to each other.   The judgment of the circuit court ought therefore to be affirmed, and it is so ordered.   All concur, except *Valliant, J.*, absent.