## INEFFECTUAL EFFORT TO CORRECT DATE IN MECHANIC'S LIEN.

Circuit Court of Summit County.

CAROLINE CULVER HALE v. ISABELLA A. COLEMAN ET AL.

Decided, April, 1907.

*Mechanic's Liens Not to be Varied by Judicial Decree.*

A court has no jurisdiction to amend by judicial decree a mechanic's lien, by ante-dating the first item of the account as filed to make it conform to the actual date of the furnishing of material.

*Grant, Sieber & Mather,* for plaintiff.

*Dick, Doyle & Bryan, Musser, Kohler & Mottinger, Wise, Laub* and *Boylan & Brouse,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In this case one of the defendants, the Akron Lumber Co., seeks to have a decree amending its mechanic's lien by antedating, to conform with the alleged actual date of sale of the first item in its account as filed, which it alleges, "through inadvertence," was thus erroneously transcribed. Plaintiff is a mortgagee whose lien attached between the dates in question and before the said mechanic's lien was filed. If this relief were granted plaintiff's prior lien would be made subsequent to that of the Akron Lumber Co. But she did not change her position on the faith of said mistake.

The Akron Lumber Company filed its original answer and cross-petition herein admitting that its lien was inferior to plaintiff's, and it was not until after decree and a judicial sale of a part of the property that the court below on its application reopened the case. After the claim now made was thus presented by amended answer and cross-petition the sale was, on plaintiff's motion, confirmed, and the proceeds agreed to be treated as and for the property in question. The plaintiff was, therefore, not prejudiced by the sale, although if hers shall prove to be the junior lien it must in large part go unsatisfied.

The question is thus presented by objection to introduction of any evidence in support of the new claim made by the amended answer and cross-petition, whether an account filed, to secure a mechanic's lien may, on account of mere mistake, be amended by decree in equity, so as to render it effective earlier than it would be on its face.

The authorities are in sharp conflict. For such amendment is *Miller et al* v. *Condit et al* (Minn.), 55 N. W., 47. Against it is *Landon* v. *Cottrill* (Mo.), 60 S. W., 64.

We think the latter is the better rule. This kind of a lien is purely a creature of statute, and we know of no power in a court of equity to amend the statute. When a lien is once secured it should doubtless be most liberally construed. But it ought not to be transformed, or varied by judicial decree, in its apparent and manifest scope and effect.

The plaintiff's motion is granted, and the Akron Lumber Company's amended answer and cross-petition dismissed.