# WILSON-REHEIS-ROLFES LUMBER COMPANY, Respondent, v. W. M. WARE et al., Defendants; B. F. WATSON et al., Appellants.

### St. Louis Court of Appeals, June 6, 1911.

1. **MECHANICS' LIENS: Sufficiency of Account: Affidavit to be Considered.** The affidavit required to verify the account filed in a proceeding to enforce a mechanic's lien is to be considered with the account in determining the sufficiency of the latter.

2. ———: **Statutory Construction.** The mechanic's lien statute is remedial in character and should be liberally construed.

3. ———: **Sufficiency of Account.** The account filed in a proceeding to enforce a mechanic's lien sufficiently complies with the statute if, when read with apt clauses of the lien paper, the heading of the account, notation as to the dates the materials were furnished, and the annexed affidavit, it fairly apprises the owner of the property and the public of the nature and amount of the demand asserted as a lien and discloses on its face that the demand is of a sort within the terms of the lien statute.

4. ———: ———: **Facts Stated.** In a proceeding to enforce a mechanic's lien, where it appeared from the affidavit attached to the statement and from the lien paper that hardware, lumber and millwork were furnished under the same general contract, and the statement contained several columns, at the respective heads of which were the words, "feet," "pieces," "size," "length," "description," "amount," etc., and, where lumber was charged, the number of feet, the dimensions, the description by trade abbreviations, the amount charged, etc., were set forth in the appropriate columns, and, where hardware was charged, the number of pieces, size, description by trade abbreviations, and amount were set forth in the appropriate columns, defendant's challenge of the account on the ground it did not distinguish between items of hardware, lumber and millwork was not good.

5. ———: ———: **Trade Abbreviations.** The use of well known and commonly used trade abbreviations in describing material set out in a statement filed in a proceeding to enforce a mechanic's lien is sufficient.

6. ———: ———: ———: **Parol Explanation: Evidence.** The meaning of a trade abbreviation used in a mechanic's lien statement may be explained by parol.

7. **PAYMENT: Application of Credit.** Where a debtor who has two accounts makes a payment to his creditor, without direction as to its application, the latter may apply it to the older account.

8. **MECHANICS' LIENS: Failure to Give Proper Credits: Statute.** Under section 8223, Revised Statutes 1909, which authorizes a judgment, in a proceeding to enforce a mechanic's lien, for any sum not exceeding the amount claimed, although the plaintiff may have unintentionally failed to enter all credits to which the debtor was entitled, unless it appears that the lienor intentionally omitted credits or charged items unduly, the integrity of the mistake is a question for the jury.

9. ——: ——: ——. Where a lumber company, seeking to enforce a mechanic's lien against a building, through the negligence of its bookkeeper, failed to credit a payment made by the property owner, such failure could not be declared intentional as a matter of law, so as to defeat the lien, but the question of the creditor's intent was one for the jury, under Section 8223, Revised Statutes 1909; negligence not being an intentional wrong.

10. **NEGLIGENCE: Intentional Wrong.** Carelessness is not intentional wrong.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*J. L. Hornsby* for appellants.

The lien account is insufficient to satisfy the statutory requirements. (a) It does not show what the materials are, the abbreviations used being unintelligible and not aided by the preliminary statement attached to the account. Brickworks v. Flanagan, 87 Mo. App. 340; Henry v. Plitt, 84 Mo. 237; Lumber Co. v. Stoddard Co., 113 Mo. App. 306; Schulenberg v. Werner, 6 Mo. App. 292. (b) The amount claimed is greatly in excess of the amount due, plaintiff having intentionally failed to enter in his account filed the credits to which debtor was entitled. Hoffman v. Walton, 36 Mo. 613; Kling v. Construction Co., 7 Mo. App. 410; Uthoff v. Gerhard, 42 Mo. App. 256; Western Sash Co. v. Young, 48 Mo. App. 505.

*Schulenburg & Diehm* for respondent.

(1)    The lien statement and account filed by plaintiff is sufficient to constitute a mechanic's lien and the court below did not err in admitting the same in evidence, the jury finding by their verdict in favor thereof. Wilson-Reheis-Rolfes Lumber Co. v. Ware, 145 Mo. App. 497; Schulenberg v. Werner, 6 Mo. App. 292; Planing Mill Co. v. Allison, 138 Mo. 50; Grace v. Nesbit, 109 Mo. 9; Lumber Co. v. Hayes, 75 Mo. App. 516; Holland v. Cunliff, 96 Mo. App. 67; Lumber Co. v. Stoddard, 113 Mo. App. 306; Henry v. Plitt, 84 Mo. 237. (2) Plaintiff's mechanic lien is not invalidated by reason of failure to give credit for six hundred dollars found by the jury to have been paid, such omission being the result of an honest mistake and inadvertence, and having accrued to the benefit of parties making such payment on another and older account. R. S. 1899, sec. 4213; R. S. 1909, sec. 8267; Heaman v. Porter, 35 Mo. App. 137; Uthoff v. Gerhard, 42 Mo. App. 257.

NORTONI, J.—This is a suit to enforce a mechanic's lien. Plaintiff recovered a personal judgment against the principal defendant, Ware, owner of the premises, and a judgment sustaining the lien against the property. Defendants, other than Ware, the owner, prosecute the appeal.

Plaintiff, an incorporated company, furnished material, consisting of lumber, millwork, hardware, etc., under one general contract, to Ware, who erected the three buildings involved, and defendants who prosecute the present appeal are trustees and beneficiaries in certain deeds of trust covering those buildings and the lots on which they are situate. Ware, the owner of the premises, made no defense to the suit, but the other defendants, the trustees and beneficiaries in the deeds of trust, sought to defeat the lien on the grounds,

first, that the lien account is unintelligible and wholly insufficient to support a lien, and, second, that it is not a just and true account, for the reason plaintiff had omitted to credit it with $1200, said to have been paid by Ware thereon. The amount sued for and for which the lien was sought to be enforced is $1796.67, but the jury allowed a credit of $600. The two propositions put forward in defense will be considered in the order named.

The lien account was objected to as insufficient and an argument touching the matter is now urged before us. The items of the account are abbreviated as is usual in such cases. Abbreviations such as ''Y. P. Drop Sdg.'' for yellow pine drop siding, etc., are employed throughout the account. The account is parcel of the lien document filed under the statute, which recites that the account below set forth is for lumber, millwork, hardware, and material furnished by plaintiff under one contract and at the special instance and request of W. M. Ware to and for the buildings and improvements described as follows, etc. (describing them). As an illustration of its character, the following nine items are set forth:

| "Feet | Pieces 12 Pr. | Size 6" | Length | Description Strap Hgs. | Price | Am't. 1.45 |
|---|---|---|---|---|---|---|
| 3000 | | 1–2x6 | | B. & Better W. P. Sdg. | 24.50 | 79.50 |
| 23 | 1 | 1 3–8x15 | 12 | Cyp. S. 2. S. | . | 1.50 |
| | 3 | 2/8x6/8 | 1 3–8 | O. S. Frames Tr. | 3.00 | 9.00 |
| | 6 | 14x24 | 4 L | Wds. | 1.60 | 9.60 |
| 100 | | | | Casg. | | 3.00 |
| 250 | | 1 1–8" | | O. G. Stop | 1.50 | 3.75 |
| | 1 | 14x28 | 4 Lt | Wdw. | 1.75 | 1.75 |
| 67 | 4 | 1 1–8x10 | 16 | Fir | 60.00 | 4.02 |

At the conclusion of the entire account, it is recited the above and foregoing materials were furnished continuously on, from and between April 15, 1907, to, until and on July 17, 1907, both dates inclusive. The affidavit accompanying the account declares it to be just and true in all respects and that the items and things therein enumerated were fur-

nished by plaintiff to Ware for, and were used in, the buildings and improvements above mentioned, etc., and furthermore that all just credits have been given to him thereon, so that the account is a just and true one. Such accounts, when considered together with the lien paper and affidavit annexed, have frequently been declared to be sufficient, for they apprise the owner and the public of the nature and amount of the demand asserted as a lien and furthermore disclose that the demand is within the terms of the lien law. The affidavit required to verify the account is to be considered along with the account itself in ascertaining the sufficiency of the latter. The statute with respect to this matter is liberally construed, for it is remedial in character and is in aid of mechanics, laborers and others, as well as material men. The fact that it contemplates the preservation of the claims of mechanics and laboring men who are well known to keep their accounts in an inartificial way encourages the courts to pursue a liberal course in interpreting the sufficiency of such accounts. The more recent decisions reflect a view to this effect and such accounts are always declared a sufficient compliance with the statute if, when read with apt clauses of the lien paper, the heading of the account, notations as to times when the materials were furnished, the affidavit annexed, all together fairly apprise the owner of the property and the public of the nature and amount of the demand asserted as a lien and disclose on their face that the demand is of a sort within the terms of the lien law. [Mitchell Planing, etc., Co. v. Allison, 138 Mo. 50, 40 S. W. 118.] The account here is challenged because of the fact it is said one may not distinguish between items of hardware and lumber or millwork thereon, but we believe this argument to be without merit. By reference to the lien paper and the affidavit attached, it appears that hardware, lumber and millwork were furnished for the building by plaintiff under the same gen-

eral contract. At the head of each separate column appears the words, respectively, feet, pieces, size, length, description, price, amount, etc. The first item above quoted is 12 pr. under pieces; 6, under the column, size; strap hgs. under the column designating description; under amount $1.45. We understand from this that it signifies twelve pairs, six inch size, strap hinges, which in all amount to $1.45; and it goes without saying such are articles of hardware. By reference to other items, it will appear where lumber is charged, the number of feet is set forth, under the proper column, and dimensions of the lumber under the column size; under description appear the word or trade abbreviations to designate, character, etc. It would seem that, unless one is unduly obtuse, he would be lead to understand, upon finding these items in a lien account designating hardware, lumber and millwork as parcels thereof; that the words "Strap Hgs." in the context above shown means strap hinges; the letters "Wds." in the context above, to indicate such millwork as windows; "Cyp." to suggest cypress, etc., etc., and, furthermore, that they suggest lienable articles as contemplated by the statute. Trade abbreviations are always permissible and may be fully explained by parol at the trial, if it is necessary to do so, and, moreover, if they are well known, such as are commonly used in a trade, they are regarded as sufficient in a lien account. The two following cases are directly in point to the effect that the account involved here is sufficient when read together with the other notations thereon, the lien paper and affidavit attached: Wilson, etc., Lbr. Co. v. Capron, 145 Mo. App. 497, 122 S. W. 1085; Schulenburg v. Werner, 6 Mo. App. 292.

It appears that, at the time Ware, the owner, was engaged in building the three houses involved here, which were numbered 2745, 2747, 2749 Belt avenue, St. Louis, he was likewise engaged in erecting

two other houses of like character numbered 2811, 2815 on Belt avenue in the same city. He purchased the materials for all of these buildings from this plaintiff and had two accounts with it thereabout; one account pertained to the two houses numbered 2811, 2815 Belt avenue, which was the older account of the two, as they were the first in course of construction, and the other account pertained to the houses involved here, numbered 2745, 2747, 2749 Belt avenue. Ware negotiated different loans on each of these properties through defendant Haydel Realty Company, a corporation, and employed a large portion of the moneys derived therefrom in the buildings. On May 14, 1907, Ware gave an order to plaintiff on the Haydel Realty Company for $600, which purported on its face that it should be applied on the account of 2745-2749 Belt avenue. On June 2, he gave plaintiff a second order for $600 on the Haydel Realty Company, with written directions to the effect that it should be applied on the Belt avenue account, without designating any particular number. Upon collecting the two $600 payments from the Haydel Realty Company on these orders, plaintiff's bookkeeper credited both on the account with Ware touching numbers, 2811, 2815 Belt avenue, which, in point of fact, was the older account, and there is proof by defendants that both of these amounts should have been entered as a credit on the account touching the buildings here involved, numbered 2745, 2747, 2749 Belt avenue, as it is said the money was loaned by them to Ware on these buildings for that purpose. For plaintiff, the evidence goes to the effect that its bookkeeper was without knowledge as to which account these amounts should be credited upon and therefore he entered the same on the older account of the two, which related to 2811, 2815 Belt, through mistake.

Besides moving the court to direct a verdict for them on that score, defendants requested an instruc-

tion to the effect that if plaintiff had received from. Ware the two orders and money thereon as above suggested, then the jury should find plaintiff was not entitled to a lien on the property described. These instructions were refused and it is argued this was error. The argument is unsound, indeed, for it entirely omits to reckon with the fact that the matter turned on the question of intention. It is true one of the orders for $600 mentioned on its face that it was to be credited on plaintiff's account with respect to numbers 2745-2749 Belt avenue and it would seem that at any rate plaintiff was grossly careless in not so crediting the money thereon when received after collection. Though it appears the bookkeeper was not advised with respect to this matter, it is true some one should have directed him thereabout, to the end that the credit should be placed where it belonged, but, be this as it may, the evidence is by no means conclusive that plaintiff intentionally misapplied this credit. As to the other order for $600, nothing whatever thereon indicates on which account of Ware's the credit should be applied, and, in view of this, without other directions, of course, plaintiff was justified in applying it on the older account of the two, for both were the accounts of Ware with it and both payments were made by Ware, its debtor. In its verdict, the jury properly disposed of the matter on the proof made, by allowing a credit to defendants on the lien account here involved to the extent of $600, but evidently treated the other payment of $600, about which no directions appeared, as properly applied on Ware's older account touching numbers 2811 and 2815. While the statute (sec. 8217, R. S. 1909) requires the lienor to file a just and true account of the demand due him, after all just credits have been given, it is not every failure to credit payments as they should be that may be declared as a matter of law sufficient to render the lien account one not just and true or invalid within the

sense of the statute. Though the Supreme Court ruled otherwise prior to the enactment of what is now section 8223, Revised Statutes 1909, the question is now one of intention to be ascertained from the evidence pro and con, if there be such, and in this case there is. The proof for plaintiff here tends to show that the error in applying the credits was unintentional. The statute (sec. 8223) is as follows:

"The court shall ascertain, by a fair trial in the usual way, the amount of the indebtedness for which the lien is prosecuted, and may render judgment therefor in any sum not exceeding the amount claimed in the demand filed with the lien, together with interest and costs, although the creditor may have unintentionally failed to enter in his account filed the full amount of credits to which the debtor may be entitled."

The statute in plain terms authorizes a judgment for any sum not exceeding the amount claimed in the lien account, although plaintiff may have unintentionally failed to enter all the credits to which Ware was entitled thereon. Unless it appears the lienor intentionally omitted credits or charged items unduly, the matter touching the integrity thereof is one for the jury, and in this view the court very properly refused the instructions above requested. [Uthoff v. Gerhard, 42 Mo. App. 256.]

Though the failure to credit the $600 order, which specified on its face that it should be applied upon the account pertaining to numbers 2475-2479, was obviously either intentional or careless, it cannot be said as a matter of law that it was intentional and therefore operated the destruction of the lien right, when the proof tends to show it was mere carelessness on the part of the bookkeeper, for carelessness is not intentional wrong and it is intentional wrong only which the law denounces on pain of defeating the lien. In other words, mere mistakes and carelessness are condoned, while intentional wrong, as in purposely omit-

ting the credit where one is due, entails the penalty of defeating the right to a lien on the account. The jury found the account to be a just and true one, except for the $600 credit which manifestly appeared to it to have been applied through mistake, and returned a verdict in favor of the lien accordingly for $600 less than the amount claimed. The $600 payment, about which no directions were given, and which was credited on the older account, touching 2811, 2815 Belt avenue, was treated as properly credited, and it therefore appears a just result was attained, for plaintiff's rights were preserved in sustaining the lien for the amount claimed, less the $600 misapplied, and defendants were accorded the benefit of the credit as it should have been given in the first instance. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.