BANNER LUMBER COMPANY, Respondent, v. H. G. LUND et al., Defendants; HERMINA DEPENDAHL, Appellant.

St. Louis Court of Appeals, February 3, 1914.    Motion for Rehearing Overruled July 2, 1914.

1. MECHANICS' LIENS: Construction of Statute. The mechanics' lien law is to be given a liberal interpretation, in order to effectuate its remedial purposes; the idea that it should be strictly construed, because it is in derogation of the common law, no longer obtaining.

2. ————: Lien on Buildings: Priorities. Under Sec. 8215, R. S. 1909, a mechanic's lien for work performed on, or material furnished for, a building takes precedence over a prior encumbrance as to the building, but not as to the land upon which it is erected.

3. ————: Clerical Error in Statement: Construction of Statement. The affidavit accompanying the statement of the account filed in a mechanic's lien proceeding is to be considered in determining whether the lien paper, as a whole, shows that the indebtedness accrued within four months before it was filed, as required by Sec. 8217, R. S. 1909, and where the affidavit shows, and the evidence establishes, that the indebtedness accrued within such time, the lien will not be defeated merely because, through palpable error, the wrong year was put at the head of the date column, so as to make it appear that the material was furnished in the year previous to the one in which it was actually furnished; and especially is this true where no one has been misled or injured thereby.

4. ————: ————: ————: Facts Stated. A statement of the account filed in a mechanic's lien proceeding on December 17, 1910, gave the day and month upon which each item was furnished, the first being March 15 and the last September 7, and, at the head of this column, the figures "1909" were placed. The affidavit accompanying the statement stated that the demand accrued within four months prior to the filing of the lien, and the evidence established that the various items set out in the statement were furnished between March 15 and September 7, 1910. *Held*, that the placing of the figures "1909" at the head of the date column was a mere clerical error and did not vitiate the lien under Sec. 8217, R. S. 1909, as against the holder of a mortgage executed before the material was furnished, in view of the fact that the lien paper, as a whole, showed that the indebtedness accrued within four months before the lien was filed and that the mortgagee was not misled or injured by the error.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1) The court erred in admitting the lien claim in evidence against this appellant, because the same shows that the lien account is dated March 15, 1909, and that the whole account is furnished in 1909, last item being dated September 7, 1909. Therefore the lien claim which was filed December 19, 1910 (not 1909), was filed more than four months after last

item accrued.  (2) The lien law is given a strict construction where the rights of third parties are involved.  Boisot Mech. Liens, sec. 36; Rall v. McCrary, 45 Mo. App. 370; Dewitt v. Smith, 63 Mo. 266; Ransom v. Sheehan, 78 Mo. 673; Phillips Mech. Liens, sec. 20, p. 32.  (3) Lienor is bound by dates in his lien claim as to third parties.  Coe v. Ritter, 86 Mo. 286; Landau v. Cottrill, 159 Mo. 316; Brockmeier v. Dette, 58 Mo. App. 610; May v. Mode, 142 Mo. App. 662; Poppert v. Wright, 52 Mo. App. 576; Rockel Mech. Liens, sec. 100, p. 200; Ib., p. 201; Ib., sec. 123; Ib., sec. 113, p. 299; 27 Cyc., 241.

*Robert W. Hall* for respondent.

Appellant's points are not well taken.  Hayden v. Wulfing, 19 Mo. App. 353; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50; Kneisley Lumber Co. v. Stoddard, 113 Mo. App. 306; Powers & Boyd Cornice, etc., Co. v. Muir, 146 Mo. App. 36; Lumber Co. v. Ware, 158 Mo. App. 179.

ALLEN, J.—This is an action to enforce a mechanic's lien.  Plaintiff is a corporation engaged in the lumber business, and furnished the material for which the lien is sought to and for a residence erected by the defendant N. G. Lund for his wife, defendant Anna Lund, and upon her land.  The lien was contested below only by defendant Hermina Dependahl, the owner of a certain deed of trust, who has appealed the cause here from a judgment sustaining the lien and giving it priority over the deed of trust as to the building, but not as to the land upon which it is located.

The only point involved in the appeal pertains to the sufficiency of the lien account, and relates solely to the dates of the items there appearing.  The lien statement was filed in the office of the circuit clerk on December 17, 1910.  The lien account, consisting of

two pages, and containing the various items of material furnished, is dated November 12, 1910, which, as it appears, was the date when the account was rendered. In the first column the dates of the various items appear, by month and day; and at the head of this column, on the first page of the account, appear the figures ''1909,'' no year appearing at the head of this column on the second page. The various dates appearing begin with March 15th, and extend to September 7th. The affidavit accompanying the lien statement states that the demand accrued within four months prior to the filing of the lien. The evidence showed that the various items of the lien account were furnished on and between March 15 and September 7, 1910, and that the demand accrued on said last-mentioned date and within four months prior to the filing of the lien.

The deed of trust of which appellant is the owner was given to secure the payment of a principal note of $1000, was executed January 26, 1910, and recorded February 11, 1910. The said note and deed of trust were originally owned by one Oliver, and it does not appear when this appellant acquired the same.

Appellant's contention is that respondent is concluded by the dates appearing in the lien account filed, and must stand or fall by the dates there shown. And it is claimed that, inasmuch as the date column in the account is headed ''1909,'' all of the dates there appearing, by month and day, must be taken as being in the year 1909; that the lien account therefore shows that the last item was delivered on September 7, 1909, and therefore that the demand accrued more than four months prior to the filing of the lien, to-wit, December 17, 1910; and furthermore that, under the evidence, which showed that all of the items were furnished in 1910, the lien account is shown to be not a just and true account, and that therefore the lien must fail.

It is quite evident that the inserting of the figures "1909" at the top of the date column in the lien account was a mere clerical error. The evidence showed beyond doubt or cavil, and it is in nowise disputed here, that all of the various items of material were furnished in the year 1910, beginning on March 15th and ending on September 7th of that year. That the date 1909 was unintentionally inserted in the lien account is beyond doubt. Respondent could have had no possible object in purposely inserting the wrong year; and it is not contended that such was an intentional act. It is urged, however, that, since the rights of a third party, an incumbrancer, are involved, the lienor must be held strictly to the dates specified in its account. In support of this contention learned counsel for appellant cites a great many cases. One of these is Coe v. Ritter, 86 Mo. 286. That case, as the learned trial judge observes in a very lucid memorandum filed by him herein, was an action in ejectment between the holder of a deed of trust and a purchaser under a judgment enforcing a mechanic's lien. The question involved pertained to the priority of the lien, and it was held that it could not be shown by parol evidence that the materials were furnished at a date earlier than that appearing in the lien paper, for the purpose of affecting the rights of the holder of the deed of trust. In the course of the opinion, the court said: "A lienor must stand or fall by the lien which he files, and the dates and items which he specifies, and is not at liberty to defeat or postpone a prior lienor or incumbrancer, by matter *in pais*."

It will be observed that there is here no attempt to show that the materials were furnished at a date earlier than that appearing in the lien paper, in order to defeat or postpone a prior lienor or incumbrancer. And, not only must the broad language used in Coe v. Ritter, supra, be confined to the facts of that case, but what was there said, to the effect that a lienor must

stand or fall by the lien which he files and the dates
and items there specified, must be viewed in the light
of the later decision of the Supreme Court in Mitchell
Planing Mill Co. v. Allison, 138 Mo. 50, 40 S. W. 118,
60 Am. St. Rep. 544. The learned author of the opin-
ion in the latter case says of the lien account: "The
account which this law contemplates is such a state-
ment of the claim as fairly apprises the owner and
the public of the nature and amount of the demand as-
serted as a lien. The account may consist of one or
more items. It may all be on one side, or mutual in
its showing. To be valid, however, it must disclose on
its face that the demand is of a sort within the terms
of the lien law. The affidavit required to verify the
account may be considered along with the account it-
self, in ascertaining the sufficiency of the latter." And
it is there further said that all that is required with
respect to a lien statement is "a substantial compli-
ance with the statute declaring what the claim shall
contain"—citing Grace v. Nesbitt, 109 Mo. 9, 18 S. W.
1118. We are likewise referred to Landau v. Cottrill,
159 Mo. 308, 60 S. W. 64, in which the question in-
volved, so far as here concerns us, was similar to
that involved in Coe v. Ritter, supra, the latter case
being followed; and also to May v. Mode, 142 Mo. App.
656, 123 S. W. 523, in which, upon the authority of
Coe v. Ritter and Landau v. Cottrill, supra, it was
held that the lien could not be carried back of the dates
specified in the lien paper, for the purpose of postpon-
ing a prior lien or incumbrance. These cases are not
decisive of the matter in hand; neither are any of the
other numerous cases referred to by learned and dili-
gent counsel for appellant in support of the argument
advanced to sustain appellant's position.

It is now the established doctrine of our courts
that the mechanic's lien statute is to be given a liberal
interpretation, in order to effectuate its remedial pur-
poses, and that the idea that such statutes, being in

derogation of the common law, should be strictly construed no longer obtains. And the trend of the recent decisions is decidedly in the direction of liberality in interpreting and applying the mechanic's lien law.

In Wilson-Reheis-Rolfes Lumber Co. v. Ware, 158 Mo. App. 183, 138 S. W. 692, we said, with respect to lien accounts, that: "Such accounts are always declared a sufficient compliance with the statute if, when read with apt clauses of the lien paper, the heading of the account, notations as to times when the materials were furnished, the affidavit annexed, all together fairly apprise the owner of the property and the public of the nature and amount of the demand asserted as a lien, and disclose on their face that the demand is of a sort within the terms of the lien law"—citing Mitchell Planing Mill Company v. Allison, supra. The precise question which we have here was not involved, but, so far as concerns the sufficiency of the lien paper, the doctrine there announced is undoubtedly sound. In this same connection see Powers, etc., Roofing Company v. Trust Co., 146 Mo. App. 46, 123 S. W. 490.

And in Kneisley Lumber Co. v. Stoddard Co., 113 Mo. App. 306, 88 S. W. 774, this court said: "The principal facts to be shown by a lien statement are what material or work the claimant wishes a lien for, and when the indebtedness accrued. Such a showing enables the owner of the premises to ascertain whether the work or material actually went into the improvement, and whether the statement was filed in the time limited. By ascertaining the truth about those matters, the owner will know that his property is or is not liable prima facie for the claim. So much regarding what strikes us as the sound theory of the question." In that case the lien account showed the months and dates of the month upon which the materials were furnished, but the year in which they were furnished did not appear. The affidavit, as here, was to the effect that the demand accrued within four months prior

to the filing of the lien. After a discussion of the question, and many cases bearing upon the subject, by the learned author of the opinion, the lien account was held to be valid.

In Brockmeier v. Dette, 58 Mo. App. 607, the date which both the lien account and the notice bore was 1892, instead of 1893, making it appear that the indebtedness did not accrue within four months prior to the filing of the lien. The affidavit stated that the indebtedness accrued within four months prior to the filing of the lien. The trial court at first rejected the lien account, but afterwards, on motion for a new trial, set aside its judgment upon the ground that the error was a mere clerical one, as appeared not only from other parts of the lien account, but from the facts in evidence. This court held that, since the owner could not possibly have been misled by the clerical error in the date, the case was "devoid of the elements of estoppel," and that the ruling of the trial court in setting aside its judgment was undoubtedly correct.

We think that the cases to which we have just referred are ample authority for the proposition that a lienor is not necessarily bound by such date figures in a lien account as are here in controversy, provided that it appears that the account accrued within the time required by law before the filing of the lien; and particularly where it does not appear that any one has been misled or injured thereby. In the instant case the affidavit contained in the lien statement is to the effect that the demand accrued within four months prior to the filing of the lien. This could not be true if the dates specified, by month and day, were in the year 1909. The lien paper is to be taken as a whole, and, as was said in the Mitchell case, supra, the affidavit may be considered along with the account itself. It would seem therefore that the lien statement, with the affidavit therein contained, would be sufficient to apprise any one of the fact that the lienor was as-

serting a lien upon a claim which had accrued within four months prior thereto, and that the figures "1909" appearing at the top of the date column on the first page of the account were doubtless inserted by mistake.

Though no date appears at the heading of this column on the second page of the account, the idea is conveyed that the account is one continuing through the specified months of one calendar year. Nevertheless we agree with the learned trial judge that the last date specified, to-wit, September 7th, may well be regarded as controlled by the statement in the affidavit that it was within four months of the filing of the lien. At any rate, we are unable to see how any one could be misled to his prejudice by the lien statement taken as a whole.

But we do not understand learned counsel for appellant to challenge the correctness of the conclusions which we have reached above, except where the rights of the holder of a prior lien or incumbrance are concerned. And in this connection we are cited to many authorities in support of the proposition advanced by appellant that, "when the rights of third persons are concerned, a stricter construction of the law relating to mechanic's liens is maintained than when the controversy is between the mechanic and the owner only." But we are unable to see that the controversy here turns upon any such question. In point of fact it appears that the deed of trust which appellant owns was executed on January 26, 1910, and recorded on February 11th of that year, and that the first delivery of the materials in question was on March 15, 1910. Respondent's lien is superior to the lien of the deed of trust as to the building, but not as to the land upon which it was erected. [Section 8215, Rev. St. 1909.] Respondent is claiming no prior lien upon the land, and is not attempting to extend, by parol, the dates of furnishing the material to a point of time earlier

than the execution or recording of the deed of trust, in order to have the lien take priority over the latter as to the land. No such question is here involved. Nothing appears as to when this appellant acquired the note and deed of trust; but we deem this wholly immaterial. In any event, she took the same subject to such liens for labor and material as might lawfully attach to the building which was erected upon the land. And, if she purchased the same after the filing of the lien, she could not possibly have been misled to her prejudice by the lien statement.

We are firmly convinced that the clerical error which appears in this lien account should not operate to vitiate the lien. To hold otherwise would not only be to plant our decision upon the narrowest of technical grounds, at the expense of substantial justice, but would be contrary to the spirit of our mechanic's lien law, as reflected by the more recent decisions.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Nortoni, J.*, concur.