NORTH ELECTRIC COMPANY,
Plaintiff-Appellant,

v.

SATALLITE COMMUNICATIONS and
Be Mac Transportation Company,
Defendants-Respondents.

No. 41108.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

William F. Sindel, Sindel, Sindel & Sindel, St. Louis, for plaintiff-appellant.

Evans & Dixon, Gerre S. Langton, St. Louis, for defendants-respondents.

GUNN, Judge.

Plaintiff-appellant North Electric Co. filed a petition in St. Louis Circuit Court seeking a judgment for materials furnished to Satallite Communications for construction of a building on property alleged to be owned by respondent Be Mac Transport Company, Inc. The petition prayed for judgment against Satallite for $9,315.86 and that it be declared a lien on Be Mac's property which was described in the petition.

Default judgment was obtained against Satallite for the full amount prayed, but Be Mac's motion to dismiss North Electric's petition against it was granted without prejudice. The substance of Be Mac's motion to dismiss was based on three contentions: that North Electric failed to comply with § 429.080, RSMo 1969 in failing to timely file a proper mechanic's lien statement with the circuit clerk's office; that North Electric's petition failed to properly incorporate the statement of account by reference; that the petition was indefinite in failing to include a statement of account. We reverse and remand.

North Electric's petition in pertinent part states:

Plaintiff [North Electric] states that the defendant, SATALLITE COMMUNICATIONS, is justly indebted to pay the sum of $9,315.86 for materials furnished from March 23 to April 15, 1977, at the request of defendant, SATALLITE COMMUNICATIONS, *as per the following account showing the items furnished, together with the prices charged therefor, which said account is as follows:*

That said materials were furnished for and were actually used for the construction of a certain two-story office building, which said building is situated on the following described lot, tracts, or parcels of land, to wit: * * * (emphasis added)

A description of Be Mac's real estate then followed. Attached to the petition were three invoices in the net sum of $9,315.86 showing certain items of materials "shipped to Be Mac Transport, Inc. c/o Satalite [sic] Comm". Then followed the allegation that demand became due on April 15, 1977 and within four months thereafter an account for purposes of a mechanic's lien was filed in the St. Louis circuit clerk's office; that more than ten days prior to the filing of the account, North Electric gave written notice to Be Mac of its claim against the real property. Be Mac's motion to dismiss the plaintiff's petition was granted with this appeal following.

■ In viewing a petition under attack by motion to dismiss, we give it the benefit of every reasonable intendment favorable to the pleader and judge it with broad indulgence. *Tyler v. Whitehead,* 583 S.W.2d 240 (Mo.App.1979); *Butler v. Circulus, Inc.,* 557 S.W.2d 469 (Mo.App.1977). In so doing, we find that North Electric's petition and claim for mechanic's lien sufficiently alleges facts necessary for securing a mechanic's lien as required by § 429.180, RSMo 1969. This is not to state, of course, that North Electric is relieved of its responsibility to prove the allegations contained in its petition. We only find, for the reasons which follow, that the petition itself states a justiciable claim.

■ The invoices of items of account for materials allegedly furnished by North Electric were attached as exhibits to the petition. Giving broad meaning to the words of the petition "as per the following account showing the items thereof and the details of all said materials so furnished, together with the prices charged therefor, which account is as follows . . .", we view the invoices as forming an integral part of North Electric's petition. *Burckhardt v. General Am. Life Ins. Co.,* 534 S.W.2d 57 (Mo.App.1975). While no paradigm to follow as it could and should have been more precise in its reference to the invoices, the petition is sufficient to state a cause of action. We are not so finicky as to require—as Be Mac urges—that the petition must contain specific and explicit use of such words as "incorporated by reference" in referring to exhibits forming a part of the petition. However, the use of such words disdained by North Electric

would be meaningful and helpful in this circumstance, and we do acknowledge that the proper practice is to make specific reference to exhibits in the petition.[1] But, the reference here was enough to indicate that the invoices attached to the petition were intended to form a part of it and that Be Mac could not have been misled or had understanding otherwise.

What we have said regarding the invoices forming a part of the petition is also true with respect to the invoices forming a part of the lien statement which was timely filed with the circuit clerk's office. These invoices, too, were attached to the statement and referred to "as follows" as being "a just and true account of the demand due".

■ Nor do we find, as Be Mac requests, that the descriptions of the items furnished in the invoices were so vague and indefinite as to render the lien statement deficient of the statutory requirement of stating "a just and true account". The purpose of filing "a just and true account" is:

> . . . so that the landowners and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building; whether they were lienable items, and whether the amount charged is proper. *Wadsworth Homes, Inc. v. Woodridge Corp.*, 358 S.W.2d 288, 291 (Mo.App.1962). *Accord: Cork Plumbing Co. v. Martin Bloom Associates*, 573 S.W.2d 947 (Mo.App.1978).

Here, the invoices designate the items and cost of the materials furnished. In this regard the invoices forming a part of the account are readily distinguishable from those relied on in *Bernard v. Merrick*, 549 S.W.2d 561 (Mo.App.1977). In *Bernard*, only the item number was supplied as a designation of the material furnished. That is not the situation here as there is a description of every item, albeit some of the items are described in trade terms and ab-

breviations. But that does not matter; a description in a lien statement of the items furnished in trade terms and abbreviations is in compliance with the statutory requirement of "a just and true account". *State ex rel. O'Malley v. Reynolds*, 266 Mo. 595, 182 S.W. 743 (1916); *Wilson-Reheis-Rolfes Lumber Co. v. Ware*, 158 Mo.App. 179, 138 S.W. 690 (1911); *Kneisley Lumber Co. v. Edward B. Stoddard Co.*, 113 Mo.App. 306, 88 S.W. 774 (1905). We also observe that the trial court did not indicate that it had dismissed North Electric's petition on the basis of deficient materials descriptions, although evidence at trial on remand may establish that such descriptions are, in fact, inadequate. Further, if needed, evidence would be admissible to fully explain the trade terms and abbreviations. *Wilson-Reheis-Rolfes Lumber Co. v. Ware*, supra.

The judgment is reversed and remanded.

REINHARD, P. J., and CRIST, J., concur.

---

1. See e. g., 5 Wright & Miller, Federal Practice and Procedure, Civil § 1327 at 493 (1969), interpreting Fed.R.Civ.P. 10(c), which is analogous to Rule 55.12 V.A.M.R.